**Rachid GAHAM**

v.

**The TEXAS COMPANY.**

**No. 149 of 1959.**

United States District Court
E. D. Pennsylvania.

June 12, 1963.

As Amended on Reargument
June 28, 1963.

Harry Lore, of Dorfman, Pechner, Sacks & Dorfman, Philadelphia, Pa., for libelant.

Joseph P. Green, of Krusen, Evans & Byrne, Philadelphia, Pa., for respondent.

FREEDMAN, District Judge.

This is an action in admiralty for maintenance and cure and transportation. The libelant also filed suit for damages based on the negligence of the respondent and the unseaworthiness of its vessel, the S.S. Louisiana, in whose service he claimed he was employed at the time of his alleged injury. The trial of this admiralty action before the court was held simultaneously with the trial of the damage suit before the court and a jury. The jury returned a verdict for the respondent in the damage action. The admiralty action is now before me for decision.

For some period of time prior to Sunday, March 8, 1959, libelant was a merchant seaman in the employ of the vessel S.S. Louisiana. On the afternoon of March 8, 1959, libelant was discharged by the master of the vessel because of intoxication and insubordination. He returned later to be "paid off" and at that time requested a hospital slip, claiming the injury which is the subject matter of this action.

The master gave him the hospital slip he requested and he received medical care and attention from the United States Public Health Service Clinic in Philadelphia as an outpatient from March 9 to March 18, 1959. He then became an inpatient in the United States Public Health Service Hospital in Baltimore, Maryland, from March 19 through March 22, 1959; and from March 23 until April 20, 1959 he was again an outpatient at

the United States Public Health Service Clinic in Philadelphia.

Libelant apparently suffered some injury. Although there is some conflict in the evidence, I find that the injury occurred prior to his discharge by the master. The hospital slip issued by the master was a clear recognition that libelant's injury occurred "while he was still employed by the respondent." It is only on this basis that he could be certified for treatment by the United States Public Health Service. The applicable statute (42 U.S.C.A. § 249(a)) provides: "The following persons shall be entitled, in accordance with regulations, to medical, surgical, and dental treatment and hospitalization without charge at hospitals and other stations of the Service: (1) Seamen *employed* on vessels of the United States registered, enrolled, and licensed under the maritime laws thereof, other than canal boats engaged in the coasting trade * * *."

In these circumstances, therefore, respondent is liable for the maintenance and cure and transportation of the libelant, unless he forfeited them by some gross misconduct of his own which occasioned his injury.

Libelant had been drinking on the day he was discharged by the master, but I do not find that his conduct in this regard was so gross an act of misconduct as to bar his rights.

I affirm respondent's Requests for Findings of Fact Nos. 3, 4, 6–9, inclusive. I affirm respondent's Requests for Conclusions of Law Nos. 1, 3 and 4. All other Requests of respondent are denied. Libelant submitted no Requests.

By stipulation of counsel, maintenance and cure shall be at the rate of $8. per day, and transportation expenses amounted to $130.

Accordingly I make the following

### ORDER

And Now, June 12, 1963, libelant is awarded maintenance and cure at the rate of $8. per day for 39 days during the periods from March 9 to March 18, 1959 and from March 23 to April 20, 1959, or $312., and transportation expenses in the amount of $130., or a total of $442., with interest.